STATE OF NORTH CAROLINA v. HOUSTON LEE WILSON

No. 7326SC295

(Filed 24 October 1973)

**Arrest and Bail § 3— arrest without warrant — lawfulness**

    Officers lawfully arrested defendant in a motel room and lawfully seized articles in the room where the officers entered a motel room with the consent of the occupant, upon entering the room the officers, through an open door, observed defendant, a convicted felon, sitting in an adjoining room in close proximity to a pistol, and the officers entered the adjoining room and placed defendant under arrest when they saw him reaching toward the pistol.

APPEAL by defendant from *Grist, Judge,* and a jury, 25 September 1972, Criminal Session, MECKLENBURG Superior Court.

The defendant was charged in two bills of indictment, each proper in form with the felonies of armed robbery.

From a conviction in each case and a prison sentence of not less than twenty nor more than thirty years in each case to run concurrently, the defendant appealed.

George Bergos operated a restaurant in the City of Charlotte on 1 July 1972, and lived in the Yorktown Apartments. After closing the restaurant, Bergos and Townsend, who worked for Bergos, went to the apartment where Bergos lived. On entering the apartment, they were accosted by two masked men who were in the apartment. They were pistol-whipped by one of the men, and then both Bergos and Townsend were tied up. Numerous articles of personal property were removed from the apartment and from the persons of both Bergos and Townsend, including a watch, a pistol and a sum of money.

Later, on Sunday morning, 2 July 1972, police officers of the City of Charlotte were investigating a report they had received from police officers in South Carolina. In the course of the investigation, the Charlotte police officers visited a motel. The officers received permission to enter Room 144 at the motel. This permission came from one George Glass who was occupying that room and who is now dead. On entering the room the officers observed an open door to an adjoining room, Room 145, and in that room the defendant was sitting on a bed in close proximity to a pistol which the officers could see in a vanity case located between the beds. The officers recognized the de-

State v. Wilson

fendant from previous association with him; and when they saw the defendant reaching towards the exposed pistol, they immediately entered the room where the defendant was and placed him under arrest. Further investigation revealed in the room several items which had been taken from the Bergos apartment. In the vanity case towards which the defendant was reaching when the officers entered the room, they found not only one, but two pistols, one of the pistols being the pistol taken from Townsend at the Bergos apartment; and in the defendant's pocket they found a watch which had been taken from Bergos.

*Attorney General Robert Morgan by Assistant Attorneys General Edward L. Eatman, Jr., and Richard B. Conely for the State.*

*T. O. Stennett for defendant appellant.*

CAMPBELL, Judge.

Before admitting in evidence the various items of property which were taken from Bergos, Townsend, and the apartment, the trial judge conducted a voir dire examination and thereafter found that the officers entered Room 144 at the motel with the permission of George Glass, the occupant of that room. After having entered Room 144, the officers, through an open door, saw the defendant, a convicted felon, in close proximity to a firearm. The trial judge then concluded that the arrest of the defendant and subsequent search was legal and the fruit of the search was competent in evidence.

We have reviewed each exception brought forward by the defendant and find no merit in them. The findings and conclusion of the trial judge with regard to the arrest and search and the admissibility of the results of the search were proper.

The evidence was plenary to go to the jury and supports the jury verdict.

We find that the defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.